Argued at Pendleton October 28, 1930; affirmed March 10;
rehearing denied April 28, 1931

LA GRANDE NATIONAL BANK *v.*
FRISWOLD ET AL.
(296 P. 874)

*J. D. Slater,* of La Grande, for appellant.
*Robert S. Eakin,* of La Grande, for respondent.

 RAND, J. The defendant, Hattie Friswold, appeals from a decree in favor of the La Grande National Bank, foreclosing a mortgage upon her interest in certain lands. The material facts are as follows: She was indebted to the plaintiff bank on July 1, 1925, on

her own unsecured notes in the sum of $5,500 and also needed additional money to enable her to replant a crop of wheat that had been destroyed by frost and to pay other farm expenses. She applied to the plaintiff bank for additional loans but the bank was unwilling to make further advances to her unless she would first secure the indebtedness then owing by her to it. In order to secure such indebtedness, she executed a new note for said amount and secured the payment thereof by giving a mortgage on an undivided three-fourths interest in the lands described in the mortgage. Of these lands she owned only an undivided one-fourth interest but her two minor sons each owned an undivided one-fourth interest therein. She executed the mortgage both in her individual capacity and as guardian of said minors.

The decree appealed from holds that the mortgage is invalid so far as it affects the interest of the minors, and foreclosed the mortgage only against the one-fourth interest owned by her.

At the time the real estate mortgage was executed she also executed and delivered to the bank a chattel mortgage upon certain crops but the evidence fails to show what crops were mortgaged and the chattel mortgage itself is not in evidence. The only evidence in respect to the chattel mortgage is that offered by defendant herself and she testified:

"We were going to talk to the Federal Bank about getting this money to harvest the crop on, and so they (the plaintiff bank) suggested to us that we put this land up as security just until after harvest, and then they (the bank) were to have a mortgage on the crop, and that was to cover what I owed them and pay Mr. Kiddle, and all future advances, and they was to have a mortgage on the crop, and when the wheat was sold, the mortgage was to be paid off and cancelled."

After defendant gave the note for $5,500 and executed the two mortgages, the bank made additional loans to Mrs. Friswold until November 17, 1925, when her total indebtedness to the bank, both secured and unsecured, amounted to the sum of $10,355.42. This is undisputed. Subsequently, Mrs. Friswold paid all the unsecured indebtedness and also paid $2,353.38 upon the secured note and interest thereon until December 11, 1927, leaving a balance due on the secured note of $3,146.62, with interest since said last named date, for which sum the bank has been awarded judgment and decree.

The only point urged upon this appeal is that the amount received by the bank from the sale of the 1925 wheat crop, to wit: the sum of $4,311.26, should have been applied upon the secured note and not in payment of the unsecured indebtedness owing to the bank, in which event the note and mortgage would have been fully paid and satisfied. In support of this it is argued that the minor sons had an interest in its application and a right to have it applied in satisfaction of the mortgage. This contention cannot be maintained under the facts disclosed by the evidence in this case. So far as the evidence shows, the chattel mortgage was signed by Mrs. Friswold alone and she testified that the wheat was not grown on any land in which the sons had an interest. Besides, as has been shown, the decree appealed from holds that, so far as the minor sons are concerned, the mortgage is invalid and unenforceable and, therefore, they have not been injured by the application of the money in payment of the unsecured indebtedness owing by their mother; also, they are not before the court at this time.

The decree appealed from must, therefore, be affirmed.

BEAN, C. J., and KELLY, J., concur.